[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife and the defendant husband were married on November 5, 1977, at Milford, Connecticut. There are two minor children issue of this marriage, to wit: Christopher Pooley, born April 20, 1978, and Kim Pooley, born August 9, 1981.
The court finds that the marriage has broken down irretrievably and the same is hereby dissolved.
One of the major issues in this case is that of the custody of the minor children. The plaintiff wife seeks sole custody. The defendant husband, in his written claims for relief, requested sole custody, but at the conclusion of the proceedings orally requested that the court order joint custody. Both the Family Relations Counselor who conducted the court ordered study and the attorney for the minor children recommend that the parties share joint legal custody, that physical custody be with the plaintiff wife, and that the defendant husband have certain specified visitation.
The plaintiff wife, who is 41 years of age and in apparent good health, was born in Viet Nam. She came to the United States in 1975 and is now a United States citizen. She is now and has been for most of the term of the marriage employed by Dresser Industries as a factory worker.
The defendant husband, who is 35 years of age and in apparent good health except for an ulcer and some knee and back problems, is employed as a dental technician by Landman Dental Arts, Inc.
The parties currently own a two-family home in Milford, Connecticut. The home was purchased in 19.78 for $47,000.00. The down payment and closing costs amounted to approximately $6200.00 and came mainly from moneys earned by and saved by the plaintiff CT Page 3212 wife. In addition to the original purchase money mortgage there is a second and third mortgage and two judgment liens encumbering the premises. The proceeds of the second mortgage were used for improvements to the premises and the proceeds of the third mortgage were used mainly for a dental laboratory business then owned and conducted by the defendant husband. The second family portion of the premises is rented for $750.00 per month.
The defendant husband left the family home in April of 1990 and the plaintiff wife and the minor children have been in occupancy since that time.
Both parents are caring, loving parents and although they may differ to some extent in their child-rearing attitudes, they are both capable parents who each in their own way have much to offer to these children.
While at first blush it might appear that Emerick v. Emerick,5 Conn. App. 649 (1985) and Cabrera v. Cabrera, 23 Conn. App. 330
(1990), would preclude the court from awarding joint custody in a case such as this where only one parent seeks joint custody, a careful reading of these cases leads to the opposite conclusion. In Emerick at pg. 657, the Appellate Court states "A court may award joint legal custody, with or without joint physical custody, if the parties agree to joint custody or if one party seeks joint custody." (emphasis added). The Appellate Court in Cabrera at pg. 346, cited with apparent approval the statement of the trial court that ". . . because the defendant had not requested joint custody, granting joint custody would fly in the face of Emerick, unless the court could conclude that joint custody was in the best interests of the children." (emphasis added). It appears therefore, that if one party seeks joint custody and the court concludes that joint custody is in the best interests of the children, it may award joint custody even in the absence of such an agreement between the parties.
It is the opinion of this court that in the instant case it is in the best interests of the children that the plaintiff wife and the defendant husband share joint legal custody of the minor children and that the minor children have their primary residence with the plaintiff wife. It is so ordered.
The defendant husband shall have the minor children with him as follows:
 (a) Every Tuesday and Thursday evening from 5:00 P.M. to 8:00 P.M.
 (b) Alternating weekends from Friday at 5:00 P.M. until Monday morning when the defendant husband shall see that the CT Page 3213 children are transported to school if school is in session, or if school is not in session, to the place where the children are then receiving day care. If the Monday is a legal holiday and the defendant husband is not working on that date, then the children shall stay with the defendant husband and be returned on Monday at 7:00 P.M.
 (c) Two non-consecutive two-week periods during the summer school recess which shall be separated by at least one week unless the parties agree otherwise. The defendant husband shall give the plaintiff wife at least 30 days prior notice of the dates he selects.
 (d) Every Father's Day. If Father's Day shall fall on a weekend when the children are not with the defendant husband, then they shall be with the defendant husband on that day from 10:00 A.M. to 7:00 P.M.
 (e) Such other and further times as the parties mutually agree.
In addition, the following conditions shall also apply:
 (a) Thanksgiving day shall be alternated between the plaintiff wife and the defendant husband with Thanksgiving 1991 being with the plaintiff wife.
 (b) Christmas Eve shall be alternated between the plaintiff wife and the defendant husband with Christmas Eve 1991 being with the defendant husband.
 (c) Christmas Day shall be alternated between the plaintiff wife and the defendant husband with Christmas Day 1991 being with the plaintiff wife.
 (d) Easter Sunday shall be alternated between the plaintiff wife and the defendant husband with Easter Sunday 1992 being with the plaintiff wife.
 (e) Mother's Day shall be with the plaintiff wife. If Easter Sunday, when the children are to be with the plaintiff wife, or Mother's Day, shall fall on a weekend on which the children are with the defendant husband, then the defendant husband's visitation for that weekend shall end at 9:00 A.M. on Sunday.
 (f) Each party shall have reasonable telephone contact with the minor children when the minor children are with the other party. CT Page 3214
 (g) The plaintiff wife shall not remove the residence of the minor children from the State of Connecticut without the express written permission of the defendant husband or upon order of this court.
Finally, the court has taken into consideration all of the criteria contained in 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes and further orders as follows:
1. The plaintiff wife shall have the exclusive use and possession of the two-family home at 12-14 Gillette Street, Milford, Connecticut, until the happening of the first of the following events:
(a) she shall remarry;
 (b) she shall no longer occupy her portion of the premises as her principal place of residence;
(c) she desires to sell or purchase the premises;
(d) the eighteenth birthday of the youngest child.
Upon the happening of the first of the foregoing events, the premises shall be placed on the market for sale, or the plaintiff wife shall exercise her option as hereinafter provided. If the premises are to be sold, the parties shall fully cooperate with each other to effect such sale. If they are unable to agree on any aspect of such sale or the exercise of said option, they may return to this court and this court will enter appropriate orders.
If the premises are sold, the net proceeds of sale, which shall be the gross proceeds of sale less the balance due on the existing first, second and third mortgages, broker's commission, if any, and the customary and usual expenses of sale, shall be distributed 60% to the plaintiff wife and 40% to the defendant husband. If there should be any encumbrances placed on the premises after the date hereof, the same shall be paid out of the share of the party incurring the same. The defendant husband shall be solely liable for, and shall indemnify and hold the plaintiff wife harmless from the judgment liens placed on said premises by Nordent Dental and L. C. Williams. If any balance is due on said judgment liens at the time of sale or the defendant wife's purchase of the premises, said balance shall be then paid by the defendant husband from any proceeds received by him.
Until the sale of said premises or the exercise of the option, the plaintiff wife shall be responsible for the payment of the existing first, second and third mortgages, real estate taxes, homeowner's insurance and all ordinary repairs and maintenance, CT Page 3215 which shall be any item of repair or maintenance, the total of cost of which shall not exceed $200.00. Any other item of repair or maintenance, the total cost of which exceeds $200.00, shall be paid as follows: the first $200.00 shall be paid by the plaintiff wife and the balance shall be paid 60% by the plaintiff wife and 40% by the defendant husband. Except in the case of an emergency, no such repair or maintenance expense for which the defendant husband shall be liable shall be incurred without his prior consent, which consent shall not be unreasonably withheld. The plaintiff wife shall be entitled to all rents received for the second family portion of the premises.
If, in lieu of a sale of said premises, the plaintiff wife desires to purchase the defendant husband's interest, she shall have the option to do so by paying to him a sum equal to 40% of the following: the then fair market value, less: (1) 7% for estimated broker's commission and closing costs, and (2) the balance then due on the existing first, second and third mortgages. If the parties are unable to agree on the fair market value they shall each select a qualified real estate appraiser and the average of the two appraisals shall be deemed to be the fair market value.
2. All of the contents of the premises referred to in paragraph (1) above shall be the sole and exclusive property of the plaintiff wife except for the following which the defendant husband shall remove within 30 days of the date hereof:
(a) his clothing and personal effects;
(b) all dental equipment.
3. Each party shall pay to the other the sum of $1.00 per year as alimony until the death or remarriage of the recipient or the eighteenth birthday of the youngest child, whichever event shall first occur.
4. The defendant husband shall pay to the plaintiff wife the sum of $75.00 per week for the support of each of the minor children until such child reaches the age of majority or is sooner emancipated. Said sum shall be payable by way of an immediate wage withholding. Said sum is a little below the child support guidelines as the minor children will be spending substantial time with the defendant husband.
5. Both parties shall maintain all health insurance available to them through employment for the benefit of the minor children. In addition, all uninsured medical, dental, orthodontic, opthalmic, psychological and psychiatric expenses incurred on behalf of the minor children shall be paid equally by the CT Page 3216 plaintiff wife and the defendant husband; provided, however, that except in the case of an emergency no such expenses for which the defendant husband might be liable shall be incurred without his prior consent, which consent shall not be unreasonably withheld. This order shall be subject to the provisions of 46b-84 (c) of the Connecticut General Statutes.
6. Any life insurance available to the parties through their employment shall name the children as equal beneficiaries, until the oldest child reaches the age of majority and thereafter the youngest child shall be the sole beneficiary until she reaches the age of majority.
7. The fees of attorney Peter Stark, the attorney for the minor children, in the amount of $850.00 shall be paid equally by the plaintiff wife and the defendant husband. The same shall be paid in full within 30 days of the date hereof.
8. On November 3, 1989 certain pendente lite orders were entered. Pursuant to such orders any moneys due for homeowner's insurance premium, automobile insurance premium, water, electric, gas, cable T.V. and basic phone that became due and payable between November 3, 1989 and March 8, 1991 shall be paid in full by the defendant husband within 30 days of the date hereof, either by payment to the provider or reimbursement to the plaintiff wife is she has paid the same.
9. The pendente lite order referred to in paragraph (8) above also required the defendant husband to pay for the baby sitter. The plaintiff wife expended the sum of $603.00 for the baby sitter for which she has not been reimbursed by the defendant husband. The defendant husband shall pay the plaintiff wife said sum within 60 days from the date hereof.
10. There is an arrearage in the pendente lite order of child support entered by this court on March 8, 1991 in the amount of $330.00. Said sum shall be paid by the defendant husband to the plaintiff wife at the rate of $15.00 per week.
11. The joint Mastercard/Visa card shall be paid equally by the plaintiff wife and the defendant husband, and each shall indemnify and hold the other harmless from their one-half of this obligation. Said payments may be made in accordance with any arrangement for minimum payments that is acceptable to the creditor.
12. The 1988 Chevy Nova shall be the sole and exclusive property of the plaintiff wife and the defendant husband shall sign any documents necessary in this regard. Any moneys due on said automobile shall be the sole obligation of the plaintiff wife CT Page 3217 and she shall indemnify and hold the defendant husband harmless therefrom.
13. The 1987 Mazda Truck shall be the sole and exclusive property of the defendant husband and the plaintiff wife shall sign any documents necessary in this regard. Any moneys due on said automobile shall be the sole obligation of the defendant husband and he shall indemnify and hold the plaintiff wife harmless therefrom.
14. Except as expressly provided herein, all of the liabilities shown on the financial affidavits of the parties filed with this court on April 2, 1991 shall be the sole obligation of the party upon whose affidavit said liability appears and they shall indemnify and hold the other party harmless therefrom.
15. Except as expressly provided herein, all of the property shown on the financial affidavits of the parties filed with this court on April 2, 1991 shall be the sole and exclusive property of the party upon whose affidavit such property appears.
16. Each party shall be responsible for his or her own attorney's fees and costs incurred in this action.
Frederick A. Freedman, Judge